IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GLENN DOUGLAS KELLEY,
    Petitioner,

vs.                                  Case No. 3:12cv236/LC/CJK

MICHAEL D. CREWS[1]
    Respondent.

_____

## ORDER AND REPORT AND RECOMMENDATION

Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). On November 26, 2012, respondent filed a motion to dismiss the petition for lack of jurisdiction and for failure to state a claim upon which relief can be granted. (Doc. 15). Petitioner was invited to respond (doc. 17), and instead filed a motion for voluntary dismissal (doc. 18). Petitioner asserts that his claims are now pending in a state postconviction motion, and requests that this habeas action be dismissed without prejudice to allow him to fully exhaust his state court remedies. (Doc. 18).

Rule 41 of the Federal Rules of Civil Procedure provides that an action may be dismissed without a court order by filing a notice of dismissal before the opposing

---

[1]Michael D. Crews succeeded Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d).

party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41 applies to federal habeas corpus proceedings. *See* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts; *Clark v. Tansey*, 13 F.3d 1407, 1413 (10th Cir. 1993); *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988); *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M. D. Ala.1999). Respondent has not filed an answer or motion for summary judgment. Thus, petitioner is automatically entitled to take a voluntary dismissal at this time. The dismissal should be without prejudice to petitioner's refiling the petition when all of his claims have been exhausted. Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from the date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state postconviction or other collateral review is pending is not counted. *See* § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). Furthermore, petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)). Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

      Accordingly, it is ORDERED:

      1. The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That petitioner's motion for voluntary dismissal (doc. 18) be GRANTED.

2. That respondent's motion to dismiss (doc. 15) be DENIED as moot.

3. That the petition for writ of habeas corpus (doc. 1) challenging petitioner's judgment of conviction and sentences in *State of Florida v. Glenn Douglas Kelley*, Escambia County Circuit Court Case No. 08-CF-5944, be DISMISSED WITHOUT PREJUDICE except as to any application of the federal statute of limitations or other procedural bar.

4. That the Clerk be directed to close the file.

At Pensacola, Florida this 18th day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).